UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80824-CIV-MARRA/JOHNSON

533 HARBOR COURT, LLC,

Plaintiff,

vs.

COLONIAL BANCGROUP, INC., d/b/a
COLONIAL BANK, N.A., an Alabama
Corporation,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Colonial Bank's Motion to Dismiss (DE 2).  The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff 533 Harbor Court, LLC ("Plaintiff" "Harbor Court" "Corporation") brings this one-count Complaint for negligence against Colonial Bankgroup, Inc. ("Defendant" "Colonial"). The allegations of the Complaint are as follows:

Plaintiff is a corporation whose purpose is the ownership and development of one piece of residential property in Delray Beach, Florida. (Compl. ¶ 8.)  Pursuant to the Articles of Organization and the Operating Agreement, Gerald Diamond was the sole manager and Herbert Corkin was the sole member of the Corporation. (Compl. ¶ ¶ 9-10.)  The Operating Agreement provides that the manager could only open up a bank account on behalf of the Corporation with

the consent of Mr. Corkin. (Compl. ¶ 11.)

On or about December 16, 2004, Randolph Nicolas Diamond and Timothy Diamond applied to open up a checking account on behalf of the Corporation, although neither individual had authority to open up such an account. (Compl. ¶ ¶ 13, 17.)   Nonetheless, Defendant issued a checking account to the Corporation. (Compl. ¶ 18.)  Mr. Corkin had no knowledge of Randolph Nicolas Diamond and Timothy Diamond's action to open the account. (Compl. ¶ 20.)

From December 21, 2004 through February 18, 2005, Randolph Nicolas Diamond and Timothy Diamond deposited $1,115,000.00 into the account. (Compl. ¶ 24.)  From December 22, 2004 through February 28, 2005, they then withdrew $1,112,501.19, despite the fact that neither individual was authorized to withdraw funds from the account. (Compl. ¶ ¶ 28-29.)  Given that account statements were sent to an address which did not provide notice to Mr. Corkin, Mr. Corkin had no knowledge that the account had been opened nor did he have an opportunity to review any bank statements. (Compl. ¶ ¶ 31-32.)

The Complaint states that Defendant had a common law duty of inquiry to investigate and verify: (1) that Randolph Nicolas Diamond and Timothy Diamond had authority to open the account on behalf of the Corporation; (2) the identity of the Corporation and its purported principals and (3) a copy of the Corporation's Articles and Operating Agreement.  (Compl. ¶ ¶ 34-37.)  The alleged failure of Defendant to conduct this inquiry resulted in damages to Plaintiff. (Compl. ¶ ¶ 36-39.)

Defendant now moves to dismiss the Complaint, claiming that it owed no duty to Plaintiff, a non-customer.  In addition, Defendant argues that even if Plaintiff were a customer, the Complaint alleges that Defendant sent the bank statements to Plaintiff at its principal place of

business. Thus, according to Defendant, Florida's statute of repose, Florida Statute § 674.406(6), bars Plaintiff's claim.  In response, Plaintiff argues that "[n]owhere in the Complaint does Plaintiff allege that [it] was not a customer of [ ] Defendant" and that Defendant had "a duty to act with due care and in a commercially prudent manner during the account opening process and a duty to verify that authorized withdrawals were made from the [a]ccount." (Resp. at 3.) Plaintiff also argues that the statute of repose does not prohibit its recovery because Plaintiff "had no knowledge of the authorized [a]ccount" and "Defendant failed to provide [ ] Plaintiff with account statements which would have given [ ] Mr. Corkin notice of the unauthorized [a]ccount activity." (Resp. at 5.)  In reply, Defendant contends that Plaintiff failed to provide any legal authority for its position that a bank owes a duty to guard against embezzlement from an unauthorized account opened in the name of a non-customer. (Reply at 3-4.)  Furthermore, Defendant contends that the statute of repose applies due to the fact that Defendant sent statements to the "proper corporate address." (Reply at 6-9.)

    II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). When

considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

The Court begins its analysis by addressing Defendant's assertion that Plaintiff was not a customer of its bank, and therefore no duty is owed to Plaintiff.  The Complaint alleges that a checking account was opened on behalf of Plaintiff. (Compl. ¶ 13.)  That allegation, standing alone, demonstrates that Plaintiff was a customer of Defendant.  To be sure, the Complaint also alleges that the individuals who opened the bank account had no authority to do so and that, by allowing those individuals to open the account, Defendant breached its duty of inquiry owed to Plaintiff. (Compl. ¶ ¶ 19, 36-38.)  Those facts, however, go to a different issue; namely, whether the bank followed proper internal procedures in ascertaining the proper corporate authority with respect to the opening of a bank account. Nonetheless, once the account was opened at the bank in Plaintiff's name, Plaintiff became a customer of that bank.  Thus, dismissal of the Complaint on this basis is unwarranted. [1]

Likewise, the Court also rejects Defendant's argument that Florida Statute § 674.406(6) bars Plaintiff's claim.  That statute provides in pertinent part:

> Without regard to care or lack of care of either the customer or the bank, a customer who does not within 180 days after the statement or items are made available to the customer . . . discover and report the customer's unauthorized signature on or any alteration on the item . . . is precluded from asserting against the bank the unauthorized signature or alteration. If there is a preclusion under this subsection, the payor bank may not recover for breach of

---

[1] The Court finds Defendant's reliance on Carl v. Republic Security Bank, 282 F. Supp. 2d 1358, 1372 (S.D. Fla. 2003) unpersuasive.  That case found that a bank owed no duty of care to a client of one of its depositors.  Here, Plaintiff is alleged to be the customer of the bank.

>  warranty under s. 674.2081 with respect to the unauthorized signature or alteration to which the preclusion applies.

Based on Defendant's reading of this statute, Plaintiff's claim is barred because Plaintiff does not allege that it provided notice of the unauthorized withdrawals to Defendant within 180 days. However, according to the Complaint, Mr. Corkin had no knowledge that the bank account had been opened and the account statements were sent to an address that did not provide notice to him. (Compl. ¶ 31.)  Based on these allegations, the Court concludes this statute cannot be applied, as a matter of law, to bar Plaintiff's claim at the motion to dismiss stage of these proceedings.

This statute concerns the notice requirement placed on bank customers once a customer receives a statement reflecting unauthorized signatures on checks.  In analyzing Florida Statute § 674.406, the court in Gerber v. City Nat. Bank of Fl., 619 So. 2d 328, 329 (Fla. Dist. Ct. App. 1993) stated that it "imposes on bank customers, who are in a better position to detect forgeries than bank personnel, a duty to notify a bank of an unauthorized signature in order to facilitate discovery and prevention of further wrongdoing."   Based on the allegations of the complaint, Plaintiff was not in a better position than Defendant to detect forgeries.  Indeed, Plaintiff did not know that a bank account was opened in its name.  This statute relates to a situation where a bank customer was aware that a bank account had been established in its name and neglected to review bank statements that were "made available." Fla. Stat. § 674.406(6).  Here, Plaintiff alleges that account statements were not sent to Mr. Corkin thereby preventing him from reviewing statements.  Likewise, to the extent that Defendant contends that it sent bank statements to the "proper corporate address" (Reply at 6), the Court finds that, without a full and complete record,

it is unable to resolve this factual assertion on a motion to dismiss.

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Colonial Bank's Motion to Dismiss (DE 2) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of February, 2009.

_____
KENNETH A. MARRA
United States District Judge